NOT FOR PUBLICATION

|  | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
|---|---|
| CORA FREEMAN | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No.: 11-cv-3816 (DMC)(JAD) |
| WAL-MART STORES, INC., d/b/a WAL-MART OF LINDEN, |  |
| Defendants. |  |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>

This matter comes before the Court on Plaintiff's motion to remand this action to the Superior Court of New Jersey, Law Division, Union County pursuant to 28 U.S.C. § 1447(c). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion to remand to the Superior Court of New Jersey, Law Division, Union County is **granted**.

**I.      BACKGROUND**[1]

This personal injury lawsuit was filed by Plaintiff Cora Freeman ("Plaintiff") in the Superior Court of New Jersey, Law Division, Union Count on July 14, 2010. Plaintiff's Complaint raised claims based upon personal injuries sustained in a slip and fall at Wal-Mart of Linden on May 15,

---

[1] These facts have been adopted from the Parties' respective submissions.

1

2009. According to Plaintiff, her medical specials exceeded $25,000 at the time the case was first filed.

During the course of discovery, it became apparent that Defendant had failed to preserve a video surveillance recording of the area of Plaintiff's fall on the day of the accident. Following this revelation, Plaintiff sought leave to amend her Complaint to include a count of spoliation. Plaintiff's Motion was granted on June 24, 2011, and Plaintiff filed an Amended Complaint to include the spoliation count on the same day.

From the institution of the suit, the parties have exchanged various offers of settlement have, none of which have been accepted. On August 4, 2010, Plaintiff filed an Offer to Take Judgment for the amount of $60,000, at which time Plaintiff's medical specials were allegedly in excess of $25,000. Defendant did not accept the offer to settle. The subsequent settlement discussions resulted in Defendants proposing a settlement offer of as much as $35,000, while Plaintiff made a final demand of $75,000 on May 23, 2011 via email. At the time of Plaintiff's final demand, Plaintiff's medical specials allegedly exceeded $35,000.

On July 1, 2010, Defendant Wal-Mart filed a Notice of Removal to this Court. Defendants base removal on diversity jurisdiction and allege that the Amended Complaint, with its inclusion of a spoliation count for which compensatory and punitive damages are sought, renders the amount in controversy above the statutory threshold.[2] On August 27, 2011, Plaintiff filed a Motion to Remand the instant action on the grounds that the amount in controversy requirement for diversity jurisdiction has not been satisfied. Accordingly, this Court must decide whether the amount in controversy is

---

[2]It is undisputed that the parties to this suit are of diverse citizenship. Plaintiff is a citizen of New Jersey while Wal-Mart Stores, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Bentonville, Arkansas.

sufficient to confer diversity jurisdiction

## II.     LEGAL STANDARD

In reviewing a motion for remand, a Court must construe the removal statutes strictly and resolve all doubts in favor of remand.  See Shamrock & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (removing party carries a "heavy burden of persuasion"); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985); North Jersey Sav. & Loan Assoc. v. Fid. & Deposit Co. of Md., 125 F.R.D. 96, 100 (D.N.J. 1988).

A defendant may remove a claim from a state court to a federal district court pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446.  28 U.S.C. § 1441(a) provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163-64 (1997). Defendant bears the burden of proving that removal was proper. Boyer, 913 F.2d at 111.

In this case, Defendant Wal-Mart bases removal on diversity of citizenship.  A district court has subject matter jurisdiction over state law claims if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.  To establish diversity jurisdiction, the removing party carries the burden of establishing the requisite amount in controversy and must provide more than mere speculation or tenuous inferences and

assumptions about the amount in controversy to satisfy this burden. Accordingly, "if this Court has to guess at whether the jurisdictional threshold has been met, then defendant has not proved its point." See Inferrera v. Wal-Mart Stores, Inc., No. 11-1331, 2011 U.S. Dist. LEXIS 25667, at *4(D.N.J. Mar. 11, 2011), citing Valerio v. Mustabasic, No. 07-534, 2007 WL 2769636 at *4 (D.N.J. Sept. 21, 2007)(internal quotations omitted).

A determination of the amount in controversy "begins with a reading of the complaint filed in the state court." Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007). If the Complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence. Penn v. Wal-Mart, 116 F.Supp.2d 557, 561 (3d Cir. 2000). In removal cases, the notice of removal may serve the same function as the Plaintiff's Complaint for purposes of determining amount in controversy. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006)(explaining that "[b]ecause the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, a defendant's notice of removal serves the same functions as the complaint would in a suit filed in federal court." (internal quotations omitted)). "The court must measure the amount 'not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)).

The Third Circuit has adopted the Red Cab "legal certainty test" to determine the amount in controversy in cases in which the factual record is not in dispute. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938). Therefore, when a motion to remand is pending, "a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more

4

than the jurisdictional amount of $75,000." Frederico, 507 F.3d at 195 (citation and internal quotation marks omitted). While "the party asserting federal jurisdiction in a removal case bears the burden or showing at all stages of the litigation that the case is properly before the federal court," see Samuel-Basset v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004), the removing defendant is not required to prove to a legal certainty that the plaintiff can recover $75,000. Frederico, 507 F.3d at 195.

### III.   DISCUSSION

As previously stated, the crux of the instant dispute concerns whether Plaintiff's Amended Complaint now presents a case in which the amount in controversy exceeds the statutory threshold.[3] Defendant alleges that removal first became appropriate upon Plaintiff's inclusion of a spoliation count in her Amended Complaint. Only at this time, according to Defendants, was it first apparent that the amount in controversy exceeded the statutory minimum. More specifically, Defendants argue that the inclusion of the spoliation count together with the fact that Plaintiff's damages have increased from $25,000 to more than $35,000 from the time that the Offer of Judgment was first made, as well as the fact that Plaintiff seeks judgment for damages, interest, cost of suit, and attorneys fees, Plaintiff's Amended Complaint now demonstrates an amount in controversy sufficient

---

[3]From the outset, this Court rejects Defendants' claim that Plaintiff's Motion to Remand was untimely. The 30 day time limit within which a motion to remand must be filed only applies when remand is requested on the basis of a defect other than a lack of subject matter jurisdiction. 28 U.S.C. § 1447.  § 1447 specifically provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because Plaintiff challenges removal on the grounds that this court lacks diversity jurisdiction, the 30 day time limit may not serve to bar Plaintiff's Motion to Remand.

to confer this Court with diversity jurisdiction.[4] Accordingly, Defendant maintains that removal was timely, as it was filed within 30 days of the Amended Complaint.

Defendants support their Notice of Removal on the facts alleged in Plaintiff's Amended Complaint. As such, the relevant factual record is not in dispute and this Court must apply the Red Cab legal certainty test. See Frederico, 507 F.3d at 298. As such, this Court must remand this case "if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000." Id. at 195. For the following reasons, this Court finds that Defendants have failed to demonstrate that the amended pleading presents an amount in controversy in excess of $75,000 and that removal to this Court was therefore proper.

The Court first notes that Plaintiff does not specifically allege an exact sum sought for damages in her Complaint. Rather, Plaintiff's Amended Complaint contains a claim of negligence and a claim for spoliation, neither of which provide for a specific amount of damages.[5] An independent appraisal of the value of the claim by this Court is therefore necessary. Accordingly,

---

[4]In relevant part, Defendant states "[b]ecause this 'amended pleading' and 'other paper' increased the value of the case, it is Wal-Mart's position that diversity jurisdiction existed for the first time when this document was filed since the value of the claim may reasonably exceed $75,000. See Def.'s Brief Opp. Mot. Remand, p. 3, ECF No. 10).

[5]Plaintiff's claim of negligence was present in the original Complaint, and alleged that as a direct and proximate result of the negligence of the Defendants, Plaintiff "was caused to sustain severe and painful bodily injuries, which injuries necessitated her obtaining medical treatment, caused her great pain and suffering, incapacitated her from her usual employment and activities and have left her with permanent disabilities that will in the future similarly incapacitate her, cause her pain and suffering and require medical treatment." In conjunction with her claim of negligence, Plaintiff sought judgment for damages against the Defendant together with lawful interest, costs of suit, and attorneys fees. Plaintiff's spoliation claim was later included with her Amended Complaint. In conjunction with her spoliation count, Plaintiff demanded judgment for damages against the Defendants, compensatory and punitive, together with lawful interest, costs of suit and attorney's fees.

this Court will turn to Defendant's petition for removal and other relevant evidence to determine the amount in controversy.

Defendant's Notice of Removal presents the following basis for removal: Plaintiff Counsel's refusal to sign a Stipulation to Limit Damages to $75,000 provided by Defense Counsel, Plaintiff's Offer of Judgment in the amount of $60,000 which was made at a time when Plaintiff's medicals were $25,000, the fact that Plaintiff's medical specials allegedly now exceed $35,000, and the inclusion of the spoliation count for which punitive damages are sought. Defendant concludes that based upon the foregoing, the amount in controversy must exceed $75,000.

Defendant's reliance on the offers made in the course of settlement discussions are in error. A refusal to enter into a stipulation is insufficient to support federal subject-matter jurisdiction. See Inferrera, 2011 U.S. Dist. LEXIS 25667, at *3. Similarly, a proposed settlement amount of $75,000 or less does not demonstrate an amount in controversy that exceeds the statutory minimum, as making a settlement demand in the hopes that your client would receive more would be "an unprecedented and awkward tactic of negotiating." See Ellis v. Bradbeck, No. 06-0750, 2006 WL 3518590, at *3 (D.N.J. Dec. 4, 2006)(finding that "[i]t defies common sense to suggest that Plaintiff's counsel made a demand . . . knowing that the value of the claims exceed that amount); see also Kleiss v. Granite Run Mall, No. 06-374, 2006 WL 562203, at *3 (E.D.Pa. Mar. 6, 2006). Accordingly, Defendant cannot rely on settlement demands made by Plaintiff at or below the statutory threshold to support its claim that the amount in controversy actually exceeds $75,000. The fact that Plaintiff's medical specials have increased since the institution of the suit does not change the analysis. In consideration of the fact that Plaintiff's Complaint alleges that her injuries will "in the future similarly incapacitate her, cause her pain and suffering, and require medical treatment,"

it would be nonsensical for Plaintiff to make a demand that was limited to only those damages that had accrued as of the time of the filing.

Defendant next argues that this case became removable upon the inclusion of Plaintiff's spoliation claim. Plaintiff counters that the addition of the spoliation count does not change the amount in controversy analysis, as the possible monetary difference occasioned by the inclusion of this count is speculative at best. Further, should this case proceed to trial, Plaintiff argues that the likely result will not be an increase in damages but rather a mere adverse inference instruction.[6]

Plaintiff's inclusion of a spoliation count for which punitive damages are sought is insufficient to demonstrate that the amount in controversy for the instant suit exceeds $75,000. In fact, "[t]he majority of New Jersey courts have determined that the appropriate remedy for the negligent destruction of evidence is to be found in the realm of discovery sanctions." Larison v. City of Trenton, 180 F.R.D. 261, 271 (D.N.J. 1998), citing Hirsch v. General Motors Corp., 266 N.J.Super. 222, 256 (Law Div. 1993), Nerney v. Garden State Hosp., 229 N.J.Super. 37, 30 (App. Div. 1988)(finding that the negligent destruction of evidence is comparable to a failure to comply with discovery). Accordingly, it cannot be said that the inclusion of a spoliation count in a complaint will change the amount in controversy of the suit.

---

[6]In her Reply, Plaintiff provided a copy of the brief submitted to the Law Division in support of her motion to include a spoliation count. In the Spoliation Brief, Plaintiff summarized the three remedies available in spoliation situations in New Jersey: 1) a spoliation inference, 2) discovery sanctions; or 3) an amended pleading to add a count for fraudulent concealment. See Pl.'s Reply Br., ECF No. 11-1), citing Rosenbilt v. Zimmerman, 166 N.J. 391, 400-11 (2001). Accordingly, Plaintiff sought leave to file an Amended Complaint to include a spoliation count, or in the alternative, for an order that the jury be instructed with a spoliation inference charge. Plaintiff concluded that Judge Kessler of the Law Division chose the latter, although the former is the more likely ultimate remedy a trial will permit under the facts presented.

Defendants have therefore failed to demonstrate that Plaintiff's Amended Complaint alters the amount in controversy as set out in the original Complaint. This Court can not conclude based upon the foregoing that the amount in controversy exceeds $75,000 sufficient to confer this court with diversity jurisdiction. Accordingly, this Court finds that this Court lacks subject matter jurisdiction over the instant dispute and remands the case to the Superior Court of New Jersey.

### IV.   CONCLUSION

For the reasons stated herein, Defendant's motion to remand to the Superior Court of New Jersey, Law Division, Union County is **granted.** An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:   March   13   , 2012
cc:   Counsel of Record
       Hon. Joseph A. Dickson, U.S.M.J.